IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

Civil Action No. 1:21-CV-00451-UA-JLW

| | |
|---|---|
| SHAIANNA JOHNSON and TERRI M. HAYES, *on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>Defendant. | **DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.'S ANSWER TO COMPLAINT** |

Defendant Midland Credit Management, Inc., (Midland), through counsel, answers the complaint filed by plaintiffs Shaianna Johnson and Terri M. Hayes as follows.

## FIRST DEFENSE

The complaint is subject to dismissal for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), due to plaintiffs' lack of a concrete injury in fact. *TransUnion LLC v. Ramirez*, 594 U.S. __, __,141 S. Ct. 2190, 2210 n.6. Further, this Court also lacks subject matter jurisdiction over this dispute pursuant to the Federal Arbitration Act, 9 U.S.C. Section 1, *et seq.*, because plaintiffs' claims are all subject to arbitration agreements requiring mandatory and binding arbitration on an individual rather than class-wide basis. Midland reserves the right to file a motion to compel arbitration and/or motion to dismiss the

- 1 -

complaint on the basis of lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

## SECOND DEFENSE

The complaint is subject to dismissal for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Midland reserves the right to file a motion to dismiss the complaint on this basis.

## THIRD DEFENSE

### Answer to Introductory Statement and Nature of the Action

1. The allegations in the opening, unnumbered four lines of the complaint and paragraph 1 are plaintiffs' characterization of their complaint to which no response is required. To the extent a response is required, Midland denies it engaged in any violation of law or other wrongdoing, denies any and all alleged liability to plaintiffs and the putative class, and denies that plaintiffs and the putative class members are entitled to any relief.

2. Midland denies the allegations of paragraph 2 of the complaint.

3. The allegations in paragraph 3 of the complaint are plaintiffs' characterization of their complaint to which no response is required. To the extent a response is required, Midland denies it engaged in any violation of law or other wrongdoing, denies any and all alleged liability to plaintiffs and the putative class, and denies that plaintiffs and the putative class members are entitled to any relief.

### Answer to Jurisdiction and Venue

4. Midland incorporates the preceding paragraphs by reference.

5. In response to the allegations in paragraph 5 of the complaint, Midland denies that this Court has subject matter jurisdiction, since plaintiffs have not alleged that any action or omission by Midland "caused them a harm with a close relationship to a harm traditionally recognized as providing a basis for a lawsuit in American courts." *Ramirez*, 594 U.S. at __, 141 S. Ct. at 2213; *see also id.* at 2210 n.6 (observing that class members asserting identical publication theory "do[ ] not qualify for Article III standing"). Given this context, Midland further denies that 28 U.S.C. §§ 1331, 1332(d)(2), & 1337 or 15 U.S.C. § 1692k(d) confer standing on plaintiffs or on the putative class members. *See Ramirez*, 594 U.S. at __, 141 S. Ct. at 2207 (holding that Congress cannot "authorize *unharmed* plaintiffs to sue defendants who violate federal law" because that "not only would violate Article III but also would infringe on the Executive Branch's Article II authority"). As this Court lacks subject matter jurisdiction over plaintiffs' federal claim, it also necessarily lacks supplemental jurisdiction (based on 28 U.S.C. § 1367) over plaintiffs' two state law claims, which are premised on N.C.G.S. §§ 75-1.1 & 75-50, *et seq*. To the extent any further response is required, Midland denies the allegations of paragraph 5.

6. Paragraph 6 of the complaint contains statements and conclusions of law, to which no response is required. To the extent any further response is required, Midland denies the allegations of paragraph 6, in particular because each plaintiff has an arbitration agreement requiring individual arbitration of each plaintiff's claims with the American Arbitration Association.

## Answer to Parties

7. Midland lacks sufficient information to admit or deny the allegations set forth in paragraph 7 and therefore denies them.

8. Midland lacks sufficient information to admit or deny the allegations set forth in paragraph 8 and therefore denies them.

9. Midland admits that it is incorporated in Kansas with its principal place of business located at 350 Camino De La Reina, Suite 100, San Diego, California 92108-3007. Midland further admits that it maintains a current business registration as a foreign corporation with the Office of the Secretary of State of North Carolina. Midland further admits that it does business in the State of North Carolina. Except as specifically admitted, Midland denies the allegations of paragraph 9 of the complaint.

## Answer to Factual Allegations

10. Paragraph 10 of the complaint contains statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

11. Midland denies the allegations in the first sentence of paragraph 11. The remaining allegations in paragraph 11 contain statements and conclusions of law, to which no response is required. To the extent the remaining allegations are contrary to the law, they are denied.

12. Paragraph 12 of the complaint contains statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

13. Paragraph 13 of the complaint contains statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

14. Paragraph 14 of the complaint contains statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

15. Midland lacks sufficient information to admit or deny the allegations set forth in paragraph 15 of the complaint and therefore denies them.

16. Midland lacks sufficient information to admit or deny the allegations set forth in paragraph 16 of the complaint and therefore denies them.

17. Paragraph 17 of the complaint contains statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

18. Midland admits that it purchased each of the three accounts at issue in this Complaint, all of which were originally issued by and owned by Comenity Bank, thus Midland is an assignee of Comenity Bank with respect to each of the three accounts, including with respect to the Arbitration Provision contained in each credit card account agreement for each of the three accounts. The remaining allegations in Paragraph 18 of the complaint contains statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

- 5 -

Case 1:21-cv-00451-UA-JLW   Document 7   Filed 08/02/21   Page 5 of 20

19. Midland admits it purchased each of the three accounts after Comenity Bank had closed and charged-off each account. The remaining allegations in paragraph 19 of the complaint contain statements and conclusions of law, to which no response is required. To the extent the remaining allegations are contrary to the law, they are denied.

20. The allegations in paragraph 20 refer to documents, which speak for themselves, and contain statements and conclusions of law, to which no response is required. To the extent these allegations vary from the documents and/or are contrary to the law, Midland denies them.

21. The allegations in paragraph 21 refer to documents, which speak for themselves and contain statements and conclusions of law, to which no response is required. To the extent these allegations vary from the documents and/or are contrary to the law, Midland denies them.

22. The allegations in paragraph 22 of the complaint refer to documents, which speak for themselves and contain statements and conclusions of law, to which no response is required. To the extent these allegations vary from the documents and/or are contrary to the law, Midland denies them.

23. The allegations in paragraph 23 of the complaint are denied.

24. The allegations in paragraph 24 of the complaint are denied.

25. The allegations in paragraph 25 of the complaint refer to documents, which speak for themselves and contain statements and conclusions of law, to which

no response is required. To the extent these allegations vary from the documents and/or are contrary to the law, Midland denies them.

26. Midland lacks sufficient information to admit or deny the allegations set forth in the first sentence of paragraph 26 of the complaint and therefore denies them. The allegations in the second sentence refer to documents, which speak for themselves, but are not attached to the Complaint. To the extent these allegations vary from the documents, Midland denies them.

27. Midland lacks sufficient information to admit or deny the allegations set forth in the first sentence of paragraph 27 of the complaint and therefore denies them. The allegations in the second sentence refer to documents, which speak for themselves, but are not attached to the Complaint. To the extent these allegations vary from the documents, Midland denies them.

28. Paragraph 28 of the complaint contains plaintiffs' characterizations of documents, which requires no response. To the extent a response is required, Midland denies the allegations of paragraph 28.

29. The allegations in paragraph 29 of the complaint refer to documents, which speak for themselves, but are not attached to the Complaint. To the extent these allegations vary from the documents, Midland denies them.

## Answer to Class Action Allegations

30. Midland incorporates the preceding paragraphs by reference.

31. The allegations of paragraph 31 of the complaint indicate plaintiffs wish to designate two classes. Midland denies that it is liable to plaintiffs or to any

member of either purported class in any manner whatsoever. Midland further denies that any class can be certified in this case.

32. The allegations of paragraph 32 of the complaint indicate plaintiffs wish to exclude certain persons from their two classes as they define them. Midland denies that it is liable to plaintiffs or to any member of either purported class in any manner whatsoever. Midland further denies that any class can be certified in this case.

33. Midland denies the allegations of paragraph 33 of the complaint. Midland denies that it is liable to plaintiffs or to any member of either purported class in any manner whatsoever. Midland further denies that any class can be certified in this case.

34. Midland denies the allegations of paragraph 34 of the complaint, inclusive of subparagraphs (a) through (d). Midland denies that it is liable to plaintiffs or to any member of either purported class in any manner whatsoever. Midland further denies that any class can be certified in this case.

35. Midland denies the allegations of paragraph 35 of the complaint. Midland denies that it is liable to plaintiffs or to any member of either purported class in any manner whatsoever. Midland further denies that any class can be certified in this case.

36. Midland denies the allegations of paragraph 36 of the complaint. Midland denies that it is liable to plaintiffs or to any member of either purported

class in any manner whatsoever. Midland further denies that any class can be certified in this case.

37. Midland lacks sufficient information to admit or deny the allegations set forth in the first sentence of paragraph 37 of the complaint and therefore denies them. Midland denies that it is liable to plaintiffs or to any member of either purported class in any manner whatsoever. Midland further denies that any class can be certified in this case.

38. Midland denies the allegations of paragraph 38 of the complaint. Midland denies that it is liable to plaintiffs or to any member of either purported class in any manner whatsoever. Midland further denies that any class can be certified in this case.

### Answer to First Cause of Action for
### Violations of Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*
### (On behalf of the FDCPA Sub-Class)

39. Midland incorporates the preceding paragraphs by reference.

40. Paragraph 40 of the complaint contains statements and conclusions of law, to which no response is required. To the extent these allegations are contrary to the law, Midland denies them.

41. Paragraph 41 of the complaint contains statements and conclusions of law, to which no response is required. To the extent these allegations are contrary to the law, Midland denies them.

42. Paragraph 42 of the complaint contains statements and conclusions of law, to which no response is required. To the extent these allegations are contrary to the law, Midland denies them.

43. Paragraph 43 of the complaint contains statements and conclusions of law, to which no response is required. To the extent these allegations are contrary to the law, Midland denies them.

44. The allegations in Paragraph 44 of the complaint are defined.

45. Paragraph 45 of the complaint contains statements and conclusions of law, to which no response is required. To the extent these allegations are contrary to the law, Midland denies them..

46. Paragraph 46 of the complaint contains statements and conclusions of law, to which no response is required. To the extent these allegations are contrary to the law, Midland denies them.

47. Paragraph 47 of the complaint contains statements and conclusions of law, to which no response is required. To the extent these allegations are contrary to the law, Midland denies them.

48. Paragraph 48 of the complaint contains statements and conclusions of law, to which no response is required. To the extent these allegations are contrary to the law, Midland denies them.

49. Paragraph 49 of the complaint contains statements and conclusions of law, to which no response is required. To the extent these allegations are contrary to the law, Midland denies them.

50. Paragraph 50 of the complaint contains statements and conclusions of law, to which no response is required. To the extent these allegations are contrary to the law, Midland denies them.

51. Midland denies the allegations of paragraph 51 of the complaint.

52. Midland denies the allegations of paragraph 52 of the complaint.

53. Midland denies the allegations of paragraph 53 of the complaint.

54. Paragraph 54 of the complaint contains statements and conclusions of law, to which no response is required. To the extent these allegations are contrary to the law, Midland denies them.

55. Paragraph 55 of the complaint contains statements and conclusions of law, to which no response is required. To the extent these allegations are contrary to the law, Midland denies them.

56. Midland denies the allegations of paragraph 56 of the complaint.

57. Midland denies the allegations of paragraph 57 of the complaint.

### Answer to Second Cause of Action for
### Violations of North Carolina Debt Collection Act, N.C.G.S. § 75-50, *et seq.*
### (On behalf of the NC Class)

58. Midland incorporates the preceding paragraphs by reference.

59. Paragraph 59 of the complaint contains statements and conclusions of law, to which no response is required. To the extent these allegations are contrary to the law, Midland denies them.

60. Paragraph 60 of the complaint contains statements and conclusions of law, to which no response is required. To the extent these allegations are contrary to the law, Midland denies them.

61. Paragraph 61 of the complaint contains statements and conclusions of law, to which no response is required. To the extent these allegations are contrary to the law, Midland denies them.

62. Midland denies the allegations of paragraph 62 of the complaint.

63. Midland denies the allegations of paragraph 63 of the complaint.

64. Midland denies the allegations of paragraph 64 of the complaint.

**Answer to Third Cause of Action for**
**Violation of the North Carolina Unfair and Deceptive Trade**
**Practices Act: N.C.G.S. § 75-1.1**
**(on behalf of the NC Class)**

65. Midland incorporates the preceding paragraphs by reference.

66. Paragraph 66 of the complaint contains statements and conclusions of law, to which no response is required. To the extent these allegations are contrary to the law, Midland denies them.

67. Paragraph 67 of the complaint contains statements and conclusions of law, to which no response is required. To the extent these allegations are contrary to the law, Midland denies them.

68. Paragraph 68 of the complaint contains statements and conclusions of law, to which no response is required. To the extent these allegations are contrary to the law, Midland denies them.

69. Paragraph 69 of the complaint contains statements and conclusions of law, to which no response is required. To the extent these allegations are contrary to the law, Midland denies them.

70. Midland denies the allegations of paragraph 70 of the complaint.

71. Midland denies the allegations of paragraph 71 of the complaint.

72. Midland denies the allegations of paragraph 72 of the complaint.

**Answer to Prayers for Relief**

73. In response to the unnumbered opening lines of plaintiffs' prayer for relief, Midland denies it engaged in any violation of law or other wrongdoing, denies any and all alleged liability to plaintiffs and the putative class, and denies that plaintiffs and the putative class members are entitled to any relief.

74. In response to the first prayer for relief numbered as paragraph 1, Midland denies it engaged in any violation of law or other wrongdoing, denies any and all alleged liability to plaintiffs and the putative class, denies that plaintiffs and the putative class members are entitled to any relief, and denies that any class may be certified on the basis of the allegations in the complaint.

75. In response to the second prayer for relief numbered as paragraph 2, Midland denies it engaged in any violation of law or other wrongdoing, including violation of the Fair Debt Collection Practices Act; denies any and all alleged liability to plaintiffs and the putative class; and denies that plaintiffs and the putative class members are entitled to any relief.

76. In response to the third prayer for relief numbered as paragraph 3, Midland denies it engaged in any violation of law or other wrongdoing, including violation of the North Carolina Debt Collection Act; denies any and all alleged liability to plaintiffs and the putative class; and denies that plaintiffs and the putative class members are entitled to any relief.

77. In response to the fourth prayer for relief numbered as paragraph 4, Midland denies it engaged in any violation of law or other wrongdoing, denies any and all alleged liability to plaintiffs and the putative class, and denies that plaintiffs and the putative class members are entitled to any relief, including actual and statutory damages.

78. In response to the fifth prayer for relief numbered as paragraph 5, Midland denies it engaged in any violation of law or other wrongdoing, denies any and all alleged liability to plaintiffs and the putative class, and denies that plaintiffs and the putative class members are entitled to any relief, including attorney fees and costs.

79. In response to the sixth prayer for relief numbered as paragraph 6, Midland denies it engaged in any violation of law or other wrongdoing, denies any and all alleged liability to plaintiffs and the putative class, and denies that plaintiffs and the putative class members are entitled to any relief, including compensatory and treble damages.

80. In response to the seventh prayer for relief numbered as paragraph 7, Midland denies it engaged in any violation of law or other wrongdoing, denies any and all alleged liability to plaintiffs and the putative class, and denies that plaintiffs and the putative class members are entitled to any relief, including punitive damages.

81. In response to the eighth prayer for relief numbered as paragraph 8, Midland denies it engaged in any violation of law or other wrongdoing, denies any

and all alleged liability to plaintiffs and the putative class, and denies that plaintiffs and the putative class members are entitled to any relief, including costs.

82. In response to the ninth prayer for relief numbered as paragraph 9, Midland denies it engaged in any violation of law or other wrongdoing, denies any and all alleged liability to plaintiffs and the putative class, and denies that plaintiffs and the putative class members are entitled to any relief or to a trial by jury or otherwise.

83. In response to the tenth prayer for relief numbered as paragraph 10, Midland denies it engaged in any violation of law or other wrongdoing, denies any and all alleged liability to plaintiffs and the putative class, and denies that plaintiffs and the putative class members are entitled to any relief, including pre-judgment interest and post-judgment interest.

84. In response to the eleventh prayer for relief numbered as paragraph 11, Midland denies it engaged in any violation of law or other wrongdoing, denies any and all alleged liability to plaintiffs and the putative class, and denies that plaintiffs and the putative class members are entitled to any relief.

85. Midland denies each and every allegation of the complaint alleged against it, unless specifically admitted herein.

## **FOURTH DEFENSE**

Midland states that to the extent plaintiffs and/or putative class members have been damaged, which is expressly denied, such damage is the result of acts by

third parties over which Midland did not have control and of whose conduct Midland is not responsible.

**FIFTH DEFENSE**

To the extent discovery in this case reveals that plaintiffs and/or putative class members failed to mitigate their damages, Midland pleads failure to mitigate damages in defense of this case.

**SIXTH DEFENSE**

Midland pleads statute of limitations, laches, waiver and equitable estoppel as a bar to recovery by plaintiffs and/or putative class members in this case.

**SEVENTH DEFENSE**

Midland states that any violation of any federal or state statute or common law duty, if any, was unintentional or the result of bona fide error notwithstanding the maintenance of policies and procedures reasonably adapted to avoid such errors.

**EIGHTH DEFENSE**

Plaintiffs' and/or putative class members' claims are barred by the plain terms of the applicable contracts, including the Terms and Conditions of the Credit Card Account Agreements, including their respective Arbitration Provisions. Midland expressly reserves the right to move to compel arbitration of this dispute.

**NINTH DEFENSE**

Plaintiffs' and/or putative class members' claims are barred or diminished by Midland's rights of setoff, recoupment, or restitution.

## TENTH DEFENSE

Midland avers that plaintiffs' and/or putative class members' claims are barred, in whole or in part, to the extent that plaintiffs have not suffered any actual damages or other injury.

## ELEVENTH DEFENSE

Midland avers that at all times its conduct was neither willful, wanton, or reckless, and at all times Midland acted innocently, in good faith, and without malice or intent to injure plaintiffs.

## TWELFTH DEFENSE

Plaintiffs' and/or putative class members' claims are barred to the extent that Midland has substantially complied with the requirements of the Fair Debt Collection Practices Act and/or to the extent that the alleged violations are not material.

## THIRTEENTH DEFENSE

Plaintiffs' and/or putative class members' claims are subject to multiple Arbitration Agreement(s) requiring mandatory and binding arbitration on an individual basis and dismissal of plaintiffs' claims, as a result of which this Court lacks subject matter jurisdiction pursuant to the Federal Arbitration Act, 9 U.S.C. Section 1, *et seq*. Midland expressly reserves the right to move to compel arbitration of this dispute.

## FOURTEENTH DEFENSE

Midland avers that Plaintiffs' and/or putative class members' claims are barred by the doctrines of estoppel and res judicata.

### FIFTEENTH DEFENSE

Plaintiffs' and/or putative class members' claims are subject to one or more class action waivers contained in one or more binding arbitration agreements. Thus, this matter cannot proceed on a class basis.

### SIXTEENTH DEFENSE

Plaintiffs' and/or putative class members' claims are barred, in whole or in part, by the doctrines of release and/or accord and satisfaction.

### SEVENTEENTH DEFENSE

Plaintiffs' and/or putative class members' claims are barred, in whole or in part, to the extent that plaintiffs and/or putative class members have not suffered any actual damages or other injury.

### EIGHTEENTH DEFENSE

Midland avers that at all times its conduct was neither willful, wanton, nor reckless, and at all times it acted innocently, in good faith, and without malice or intent to injure plaintiffs in its conduct towards plaintiffs.

### NINETEENTH DEFENSE

Plaintiffs' individual and class claims should be dismissed to the extent that Midland acted in good faith in conformity with an advisory opinion of the Federal Trade Commission and/or Consumer Financial Protection Bureau.

### TWENTIETH DEFENSE

This action may not properly proceed as a class action under Federal Rule of Civil Procedure 23 to the extent that, among other reasons, plaintiffs' claims are not typical of the claims of each putative class member; questions of law and fact

allegedly common to the putative class do not predominate over the numerous questions affecting only putative class members; a class action is not superior to other available methods for the fair and efficient adjudication of plaintiffs' claims and any claims of putative class members; plaintiffs and their counsel are unable to fairly and adequately protect the interests of the putative class members; and there are insurmountable difficulties that would be encountered in any attempt to proceed as a class action.

## TWENTY-FIRST DEFENSE

Midland avers that the complaint fails to adequately define any class of persons who could properly prosecute this action as a class action; fails to allege any claim that can be prosecuted as a class action; otherwise fails to satisfy the requirements of Federal Rule of Civil Procedure 23; and cannot, therefore, properly proceed as a "class action."

## TWENTY-SECOND DEFENSE

Plaintiffs' and/or putative class members' claims are barred, in whole or in part, to the extent that plaintiffs and/or putative class members failed to adhere to the Notice and Cure section of the agreements governing their respective accounts, by providing the appropriate parties (including but not limited to Midland) with written advance notice of the claim and a thirty-day reasonable opportunity to resolve it prior to bringing a lawsuit or initiating an arbitration.

## RESERVATION AND NON-WAIVER

Midland reserves the right to assert additional defenses (affirmative and otherwise) as this action progresses.

## PRAYERS FOR RELIEF

WHEREFORE, Midland respectfully prays the Court that:

1. Plaintiffs' claims against Midland be dismissed with prejudice;

2. Plaintiffs' prayers for relief be denied in their entirety;

3. Plaintiffs have and recover nothing from Midland;

4. The costs of this action be taxed against one or all plaintiffs; and,

5. Midland be awarded such other and further relief as the Court shall deem just and proper.


Dated: August 2, 2021

By: */s/ Elizabeth Holt Andrews*
Elizabeth Holt Andrews
N.C. Bar No. 33436
TROUTMAN PEPPER
HAMILTON SANDERS LLP
Three Embarcadero Center
Suite 800
San Francisco, California
94111-4057
Telephone: 415.477.5700
Facsimile: 415.477.5710
elizabeth.andrews@troutman.com

Attorneys for Defendant
Midland Credit Management, Inc.